IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBIN L. HAYNES, | ) | Case No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT AND JURY DEMAND** |
| | ) | |
| BLUE VALLEY COMMUNITY ACTION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW the Plaintiff, by and through her attorneys, and for her causes of action against the Defendant hereby states the following:

**PARTIES-VENUE-JURISDICTION**

1. Plaintiff ROBIN L. HAYNES is a resident of Omaha, Douglas County, Nebraska.

2. Defendant BLUE VALLEY COMMUNITY ACTION, INC., is a Nebraska non-profit corporation conducting business in Nebraska, and at all times relevant had its principal office located in Fairbury, Jefferson County, Nebraska. Defendant Blue Valley Community Action, Inc. also conducts business under a tradename of Blue Valley Community Action Partnership.

3. This Court has original jurisdiction over the claims arising under Federal law. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331.

4. Venue is appropriate in this District under 28 U.S.C. §§1391(b) and (c).

5. On or about June 3, 2019, Plaintiff filed a charge of discrimination with the Nebraska Equal Opportunity Commission (NEB 2-18/19-6-50530-RS) and the U.S. Equal Opportunity Commission (EEOC 32E-2019-00528) claiming disability discrimination and retaliation under the Americans with Disabilities Act and the Nebraska Fair Employment

1

Practices Act. At the time of filing of this Complaint, the NEOC and EEOC's determination on Plaintiff's claims under federal and state law are still pending. Plaintiff intends to amend this Complaint to include her claims under Federal and state law upon receipt of her Right to Sue letters.

## FACTUAL BACKGROUND

6. Plaintiff was employed by Defendant beginning on or about October 23, 2017, until November 7, 2018, most recently as a case coordinator for social services for veterans' families.

7. During her employment with Defendant, Plaintiff suffered from one or more physical or mental impairments that substantially limited her major life activities of sleeping, eating, speaking, breathing, learning, concentrating, thinking, communicating and working. Plaintiff's physical or mental impairments also substantially limited her major bodily functions of her neurological and brain systems.

8. During her employment with Defendant, Plaintiff suffered from a serious medical condition including an illness, injury, impairment, or physical or mental condition that required continuing treatment by a health care provider.

9. During her employment with Defendant, Plaintiff's son suffered from a serious medical condition including an illness, injury, impairment, or physical or mental condition that required continuing treatment by a health care provider.

10. Defendant knew of Plaintiff's disabilities and serious health conditions because they were disclosed by Plaintiff at various times throughout her employment.

11. Defendant knew of Plaintiff's son's serious health condition because they were disclosed by Plaintiff at various times throughout her employment.

12. On August 5, 2018, Plaintiff was placed on probation by Program Director, Roxanne Miller-Jackson (hereinafter "Miller-Jackson") for attendance. Plaintiff advised Miller-Jackson of Plaintiff and her son's serious health conditions. Plaintiff included Family and Services Director, Ryan Bailey (hereinafter "Bailey"), in the email exchanges.

13. Plaintiff requested to work from home, as needed, using Defendant's electronic devices to keep case files updated and to make appropriate contacts with property owners and clients. Miller-Jackson denied her request, stating Plaintiff could not meet clients at home, despite this not being a part of her request.

14. In October 2018, Plaintiff was off probation related to her past absences.

15. On or about November 1, 2018, Plaintiff asked for FMLA paperwork from Defendant's Human Resources Manager, Roxanne Hammond (hereinafter "Hammond") and did not receive any forms.

16. On November 5, 2018, Plaintiff followed up with Hammond and Bailey stating she had found forms on the internet and would be submitting FMLA paperwork for her son and herself. Plaintiff identified a need for time for intermittent care and block leave for her son's surgery. Plaintiff explained that her son's surgery should alleviate his chronic symptoms and the severity of Plaintiff's own symptoms by extension.

17. On November 7, 2018, the Defendant terminated Plaintiff's employment allegedly for attendance issues.

18. On November 9, 2018, Plaintiff's care provider submitted the medical documentation of need for her FMLA claim. Hammond stated the information would go into Plaintiff's file, but would not change the decision to terminate her employment.

19. Plaintiff then appealed her discharge through Defendant's internal process, and on

December 6, 2018, Blue Valley Community Action Partnership President, Dave Dohmen, responded that Plaintiff's discharge was upheld.

20. Upon information and belief, Defendant accommodated other employee's physical impairments, but refused to accommodate mental health impairments such Plaintiff's.

21. Prior to her termination, Plaintiff's job performance was satisfactory.

22. At the time of her termination, Plaintiff was earning a salary of $682.00 per week for working full time hours for Defendant. As of the date of this filing, Plaintiff's lost wages resulting from Defendant's wrongful conduct are approximately $2,728.00. As part of her compensation, Plaintiff also received paid time off, health, dental, and vision insurance, 401K retirement contributions, long term disability and life insurance in amount that is currently unknown to Plaintiff and will be subject to further discovery.

23. As a result of Defendant's wrongful conduct, Plaintiff suffered lost wages, benefits, and future earnings, liquidated damages and also incurred attorney's fees and other costs that are continuing.

## COUNT I

## VIOLATIONS OF THE FAMILY MEDICAL LEAVE ACT

### 29 U.S.C. 2601 et seq.

24. Plaintiff hereby incorporates paragraphs 1 through 23 as if fully set forth herein and states:

25. Defendants are and were at all times material an "employer" within the meaning of the Family Medical Leave Act.

26. Plaintiff is and was at all times material an "eligible employee" within the meaning of the Family Medical Leave Act.

27. During all times of her employment, Plaintiff suffered from one or more "serious health conditions" within the meaning of the Family Medical Leave Act.

28. Plaintiff was entitled to a leave of absence pursuant to her rights under the Family Medical Leave Act.

29. Plaintiff invoked her right to a leave of absence under the Family Medical Leave Act.

30. Defendant failed to provide Plaintiff with the protected leave that the Family Medical Leave Act requires.

31. Defendant interfered with, restrained, and/or denied the exercise of or the attempt to exercise Plaintiff's rights in violation of 29 U.S.C. §§2601 et seq. in the following ways:

   a. Failure to initialize family medical leave process upon notice of Plaintiff's serious health condition;

   b. Failure to provide Plaintiff with the requisite notices and designation following her request for family medical leave;

   c. Counting FMLA leave against the company's absentee policy for disciplinary purposes;

   d. Taking disciplinary action against Plaintiff for using FMLA;

   e. Terminating Plaintiff when she should have had FMLA leave;

   f. Failure to request medical certification in writing and not giving employee at least 15 days to obtain medical certification;

   g. Failure to handle questions about the validity of a medical certification by guidelines set forth in FMLA regulations; and,

   h. Other ways to be determined at trial of this matter;

32. Defendants retaliated against Plaintiff by disciplining her and terminating Plaintiff for exercising her rights under the Family Medical Leave Act.

33. As a result of Defendants' acts and omissions, Plaintiff has in the past, and will in the future, suffer damages including, but not limited to, lost wages, benefits, future earnings, liquidated damages and other emoluments of employment.

## **DAMAGES**

34. Plaintiff hereby incorporates by reference paragraphs 1 through 33 and states:

35. As a result of Defendant's discrimination, retaliation and other wrongful conduct, Plaintiff has suffered damages and seeks the following relief:

   a. Back pay and lost benefits to the time of trial;

   b. Front pay including retirement and other benefits;

   c. Liquidated damages under the FMLA;

   d. Punitive damages under Federal law;

   e. Attorney's fees, expert witness fees and other reasonable costs; and,

   f. Pre-judgment and post judgment interest.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount which will fully and fairly compensate her for her injuries and damages, for all her general and special damages, for costs, attorney's fees, interest and for such other relief as just and equitable.

Plaintiff demands a trial by jury.

Dated: October 19, 2020.

7

ROBIN L. HAYNES, Plaintiff

BY: /s/ Jennifer Turco Meyer
Jennifer Turco Meyer, #23760
Michael J. Dyer, #19487
Of Dyer Law, P.C., LLO
2611 S. 117th Street
Omaha, Nebraska 68144
(402) 393-7529
(402) 391-2289 facsimile
Jennifer@dyerlaw.com
Attorney for Plaintiff